## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE FREGOSO<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO DEALER SERVICES, INC.,<br>CASHCALL, INC., PROFESSIONAL<br>COLLECTIONS CONSULTANTS, INC.,<br>SANTANDER CONSUMER USA, INC., and<br>WILSHIRE CREDIT CORP<br><br>Defendants | Civil Action No. 2:11-cv-05153 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WELLS FARGO DEALER SERVICES, INC.'S MOTION TO DISMISS

**I.      INTRODUCTION**

Plaintiff Jesse Fregoso seeks redress pursuant to the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et. seq.*, against four separate defendants for alleged inaccurate statements regarding Plaintiff's credit history.  Each of the defendants, including movant Wells Fargo Dealer Servicer ("Wells Fargo") are alleged to have "furnished" credit information to credit reporting agencies.  Plaintiff previously filed a related FCRA complaint (the "CRA Complaint") in this district against the credit reporting agencies at civil action number 2:10-cv-03398-ER.  The CRA Complaint has been dismissed with prejudice by agreement of the parties to that case.

Plaintiff's five page, twenty seven paragraph complaint (the "Complaint"), however, is devoid of the necessary facts to maintain an action against Defendants.  Plaintiff's Complaint is

precisely the type of bare bones, formulaic recitation that requires dismissal under the standard announced by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

Further, Plaintiff's allegations fail to state a claim as a matter of law.   The Plaintiff's claim has basic flaws from a substantive perspective and from Plaintiff's failure to allege the proper procedural prerequisites to a claim against a "furnisher" of information under the Fair Credit Reporting Act.

From a procedural perspective, the Plaintiff is required to first dispute any inaccurate credit history information with the credit reporting agency and only after the credit reporting agency notifies the furnisher (such as Defendants in this action) of the dispute and the furnisher fails to correct the problem can a claim be brought against the furnisher.  Here, Plaintiff has failed to allege that he disputed an inaccuracy with the credit reporting agencies and that the credit agencies notified the Defendants of the inaccuracy.

From a substantive perspective, although the Complaint is not specific, it is believed that this case involves two separate persons named "Jesse Fregoso."  The claim is that the Defendants reported information about the other "Jesse Fregoso" to the credit reporting agencies and that the credit reporting agencies erroneously included the information about the other "Jesse Fregoso" on the Plaintiff's credit report issued by the credit reporting agencies.  In other words, any error was committed by the credit reporting agencies and not by the defendants that supplied accurate information about the other "Jesse Fregoso."[1]

Based upon the foregoing, Plaintiff's complaint should be dismissed.

---

[1] Although the Court is normally constrained to a consideration of the pleadings only in deciding a motion to dismiss under Rule 12, Wells Fargo does not believe that there is any dispute that the basic premise for the claim involves the reporting of information about the other "Jesse Fregoso" to the credit reporting agencies. Wells Fargo raises this issue now in the interest of judicial economy because it is ultimately a dispositive issue but is not included in the pleading only because of the inadequacy of the pleading.  To the extent that Plaintiff's response to this Motion does not concede that this is not the premise of the claim, then Wells Fargo agrees that the Court should not consider the information concerning the other person named "Jesse Fregoso" and consider the adequacy of the pleadings on a facial basis.

## II.   PLAINTIFF HAS FAILED TO MEET THE REQUIRED PLEADING STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss all or part of a plaintiff's action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at  561; *see also* Fed. R. Civ. P. 12(b)(6).  In analyzing whether this standard has been met, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555.  Moreover, a complaint is insufficient if it relies upon "naked assertions devoid of further factual enhancement."  *Iqbal*, 129 S.Ct. at 1949.

Thus, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  "Conclusory or 'bare bones' allegations will no longer survive a motion to dismiss:  'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Fowler v. UPMC Sandyside*, 2009 WL 2501662 at *4 (3d Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).  As a result, to prevent dismissal, "all civil complaints must now set out 'sufficient factual matter' to show that a claim is facially plausible," not just possible.  *Id.*

The United States Court of Appeals for the Third Circuit has set forth a two-part analysis for reviewing motions to dismiss in civil actions in light of *Twombly* and *Iqbal*.  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to

show that the plaintiff has a 'plausible claim for relief.'" *Id.* at * 5 (quoting *Iqbal*, 129 S.Ct. at 1950). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949.

Plaintiff's complaint lacks the necessary factual basis to establish that his claims are plausible. By way of example, Plaintiff states that "Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties." Compl. ¶ 10. Plaintiff never alleges what the specific inaccurate statements were, when the alleged inaccurate statements were made, and how plaintiff came to find out about the alleged inaccurate statements. The allegation is merely a legal conclusion which should be disregarded under the *Fowler* standard. As a result, there is no factual allegation of a derogatory statement.

Equally devoid of substance, Plaintiff alleges that he reported the inaccurate information to Defendants, and that Defendants have allegedly failed to act on that information. Compl. ¶¶ 14-17. Once again, Plaintiff failed to provide any details with respect to what was reported to Defendants and when it was reported. Indeed, other than identifying the specific Defendants, the contents of this Complaint could be used by any plaintiff attempting to assert a violation of the FCRA.

This formulaic approach to pleading does not meet the standard in *Twombly*. The "factual enhancements" necessary to state an actionable claim are completely missing from Plaintiff's Complaint. Once the legal conclusions and conclusory statements are removed from his Complaint, Plaintiff is simply left with nothing.

## III.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW

Even if Plaintiff's complaint survived the Court's *Twombly* analysis (which it should

not), the Complaint should be dismissed as a matter of law.

Plaintiff's Complaint alleges that Wells Fargo is a "furnisher" of information to third

parties.  Compl. ¶ 10.  A furnisher's duties under the FCRA are set forth in § 1681s–2.  "They are

of two general types: first, a general duty to provide accurate information (§ 1681s–2(a)), and

second, a specific duty to respond when notified that a consumer disputes information which the

furnisher may have furnished to a credit reporting agency (§ 1681s–2(b*))*." *In re Benson*, 445

B.R. 445 (Bkrtcy.E.D.Pa.,2010).  The distinction is important, because a private plaintiff may

bring a case only for a violation of the specific duty: no private cause of action exists for a

violation of the furnisher's general duty to provide accurate credit information.  *Id*.

### A.   Plaintiff has not Plead that Plaintiff Disputed the Allegedly Erroneous Information with the Credit Reporting Agencies

Plaintiff's claim must be dismissed because there is no allegation that the Plaintiff

disputed the alleged erroneous information with the credit reporting agencies.  In *SimmsParris v.*

*Countrywide Financial Corp*., -- F.3d --, 2011 WL 3196079 (3rd Cir. Jul. 28, 2011), the Third

Circuit held that where a private plaintiff seeks to bring an action under the FCRA:

> a consumer must first alert the credit reporting agency that reported
> the allegedly erroneous information of a dispute. It is then up to the
> reporting agency to inform the furnisher of information that there
> has been a dispute, thereby triggering the furnisher's duty to
> investigate. It is only when the furnisher fails to undertake a
> reasonable investigation following such notice that it may become
> liable to a private litigant under [FCRA] § 1681s–2(b).

*Id.* at *4.  The Court based its ruling on the FCRA's "framework under which the consumer

reporting agency is the central focus of any private litigation." *Id.* at *3; *see also Chiang v.*

*MBNA,* 620 F.3d 30, 30 (1st Cir.2010) (describing the consumer credit reporting agencies as playing the role of a "gatekeeper" under the statutory scheme).

To plead a claim for furnisher liability under the FCRA, a plaintiff is required to allege that plaintiff disputed the items with the consumer reporting agency—not the furnisher—and that the agency informed furnisher of that fact. "That is the condition precedent for furnisher liability as to a private plaintiff under the FCRA." *In re Benson*, 445 B.R. at 445.

In this case, the Plaintiff never alleged that he disputed the account with the consumer reporting agency.  Instead, Plaintiff made the following allegation in paragraph 16 of the Complaint that "Defendants have failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes…."  This allegation could mean one of two things.  First, it could mean that Plaintiff really disputed the accuracy of the information with the credit reporting agency and that the Plaintiff's pleading is inartful because it does not make an explicit allegation.  Or, the allegation could mean that the Plaintiff disputed the information with the Defendants, the Defendants then notified the credit reporting agencies of the dispute who in turn contacted the Defendants to say that they were not aware of any dispute. In this latter case, the Plaintiff would not have met the requirement of disputing the information with the credit reporting agency.

It is unlikely that this pleading is inartful.  As of September 29, 2011, senior counsel for the Plaintiff has filed over 400 FCRA complaints in this district.  Lead counsel has filed over 70 FCRA complaints in this district.  These complaints include the CRA Complaint related to this case.  Other than the CRA Complaint and the Complaint in this case, it appears that counsels' standard form of pleading contains allegations that the Plaintiff disputed the allegedly inaccurate

information .  This standard form of pleading usually includes a variation of the following allegation:

> Plaintiff has repeatedly disputed the inaccurate information with the Defendant [insert name] by written communications to their representatives and by following [Defendant's] established procedure for disputing consumer credit information.

See e.g., Complaints in *Elington v. Experian*, 5:10-cv-00917-MAM; *Ortiz v. Experian*, 5:08-cv-02911-TMG; *Lunardi v. Bank of America*, 2:11-cv-05378-GP; *Savalla v. Trans Union*, 2:11-cv-06084-PD; *Able v. Trans Union*, 2:11-cv-05143-LS.

In the context of claims against furnishers of credit information, counsels' pleadings in other cases have contained specific allegations that the credit reporting agencies gave notice of the plaintiff's disputes to the furnisher.  *See e.g.*, Complaints in *Payne v. Equifax*, 2:09-cv-00568-RBS; *Weidman v. Chase Home Finance*, 2:10-cv-00490-TJS.

However, this language is conspicuously missing from both Plaintiff's Complaint in this case and from Plaintiff's CRA Complaint against the credit reporting agencies.  This raises more than a specter that there is a gap in Plaintiff's theory of liability.  If that gap is caused by erroneous pleading, then the Plaintiff should be required to fix the error.  However, if the gap really exists and the Plaintiff attempted to plead around the issue, it would not be fair to Wells Fargo to have to litigate this matter any further in order to obtain the information necessary to have the Complaint dismissed at a later stage in the case.

As a result, Wells Fargo respectfully requests that the Plaintiff's Complaint be dismissed with prejudice unless the Plaintiff files an amended complaint which alleges that the Plaintiff followed the procedure discussed in  required by the FCRA, and discussed in *SimmsParris*,

including an allegation that the Plaintiff alerted the credit reporting agency that reported the allegedly erroneous information of a dispute.

### B.   Plaintiff's Complaint has not Alleged a Cognizable Claim as a Matter of Law

Plaintiff has not alleged a cognizable claim under the FCRA.  In essence, Plaintiff's claim is that the Defendants reported information about the other "Jesse Fregoso" to the credit reporting agencies and that the credit reporting agencies erroneously included the information about the other "Jesse Fregoso" on the Plaintiff's credit report issued by the credit reporting agencies.  In other words, any error was committed by the credit reporting agencies and not by the defendants that supplied accurate information about the other "Jesse Fregoso." The statutory hook on which the claim rests is the furnisher's duty to investigate the accuracy of the information upon receipt of a notice of dispute pursuant to  15 U.S.C. § 1681s–2.

However, the undersigned has been unable to locate any cases in which a furnisher has been held liable under the FCRA in a "same name" case.  A "same name" case is different from other FCRA cases from a furnisher's perspective because the furnisher is reporting information about another person and not about the plaintiff.   Therefore, there is no inaccurate information being reported by furnisher about the plaintiff.  In fact, there is no information reported about the plaintiff because the information is about another person with the same name.  See, *Fiscella v. Intelius, Inc*., 2010 WL 2405650 (E.D.Va.,2010)(a plaintiff has many rights under the FCRA  but controlling the information a credit reporting agency reports on individuals with the same name is not one of them).

The inaccuracies and problems arise when the credit reporting agency takes the information reported by the furnisher about another person and associates it with the plaintiff. This is a problem caused by the credit reporting agencies and not by the furnisher of the

information which gave accurate information about the other person with the same name.[2]  An investigation by the furnisher of the information would be futile and meaningless because the information is correct when it comes out of the furnisher.

From a pleading perspective, the missing element is the "erroneous" information.  There is no allegation in Plaintiff's Complaint that the information was "erroneous" when it left Wells Fargo.  The allegation is that the "inaccurate information" includes accounts "that do not belong to the Plaintiff."  Compl. ¶ 11.  The Complaint alleges that the inaccurate information is "relating to Plaintiff."  Compl. ¶ 10.   However, there is no allegation that Wells Fargo "related" the information to the Plaintiff.  Indeed, it is likely that the accurate information allegedly provided by Wells Fargo about another "Jesse Fregoso" was erroneously "related" to the Plaintiff by the credit reporting agencies.  See,  *Valvo v. Trans Union*,  2005 WL 3618272 (D.R.I, 2005).[3]

As a result, the Plaintiff's Complaint should be dismissed because is does not contain the requisite allegations that Wells Fargo supplied erroneous information that was related to Plaintiff when it left Wells Fargo as opposed to information that was erroneously related to the Plaintiff by the credit reporting agencies.

---

[2] If the information about the other person with the same name is inaccurate, then the other person would have rights under the FCRA.

[3] This scenario is likely in this case given that Plaintiff is asserting claims against five different furnishers of information.  It is unlikely that all five gave inaccurate information that was related to the Plaintiff when given.  It is much more likely that the information was accurate when given but was incorrectly related to the Plaintiff by the credit reporting agencies.  If the Plaintiff cannot allege that the information was inaccurate as furnished, when furnished, this matter should not move forward and Plaintiff's Complaint should be dismissed.

## IV.  CONCLUSION

For all of the reasons stated herein, Defendant Wells Fargo Dealer Services, Inc

respectfully request that Mr. Fregoso's Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

s/Mark Pfeiffer

_____

Mark Pfeiffer (PA Bar ID 76245)
Buchanan Ingersoll & Rooney, P.C.
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
(215) 665-8700
mark.pfeiffer@bipc.com

Attorneys for Defendant Wells Fargo Dealer
Services

Dated: October 4, 2011

10